Juan Ortiz Toro, recurrente, *v.* El Registrador de la Propiedad de San Germán, recurrido.

No. 920.—*Sometido:* Abril 12, 1934. *Resuelto:* Junio 4, 1934.

E. López Acosta, abogado del recurrente; el registrador recurrido compareció por escrito.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

El recurrente promovió un expediente de dominio en la Corte de Distrito de Mayagüez. De una investigación practicada por el Registrador, resultó que nadie compareció a la corte de distrito a oponerse a la solicitud. Mientras el procedimiento estaba pendiente, el recurrente trató de invocar el artículo 91 del Código de Enjuiciamiento Civil, que lee como sigue:

"Cuando en una acción que afecte al título o al derecho de posesión de una propiedad inmueble, el demandante al tiempo de presentar la demanda, y el demandado al tiempo de presentar la contestación o en cualquier tiempo después, pidieren se declare que lo que se reclama es suyo, podrán presentar para su anotación al registrador del distrito en que radicare la propiedad o parte de ella un aviso de la cuestión litigiosa pendiente, el cual contendrá los nombres y apellidos de las partes, el objeto de la demanda o contestación, y la descripción de la propiedad en litigio. Sólo desde el día de la presentación del aviso para ser anotado se considerará que el comprador o la persona que adquiera un gravamen sobre la propiedad litigiosa, tiene conocimiento, para los efectos legales, de la acción pendiente contra las partes designadas por sus nombres verdaderos."

El registrador se negó a efectuar la anotación de *lis pendens* por los motivos siguientes:

"A. Porque de la simple lectura del artículo 91 del Código de Enjuiciamiento Civil, se da el derecho a una parte para anotar una

demanda, cuando se trate de una acción que afecte al título, o al derecho de posesión o de propiedad del inmueble, cuando el demandante al tiempo de presentar la demanda, o el demandado, al tiempo de formular su contestación, cuando en dicha contestación se solicita un remedio a su favor, es que puede entonces alguna de dichas partes presentar para su anotación al Registrador del distrito en que esté situada la propiedad, un aviso de estar pendiente la acción, o sea, un *lis pendens*.

"B. Porque no hay teoría alguna jurídica, ni existe jurisprudencia en virtud de la cual, cree un derecho a una persona, que por el mero hecho de promover un expediente ex parte, como el que se ha radicado ante la Corte de Distrito de Mayagüez, antes referido, para acudir al Registro de la Propiedad, a solicitar la anotación de ese expediente en donde no se ventila, ni hay en *issue,* ninguna contienda judicial entre partes, pues tal anotación en este caso equivaldría a dar un aviso simple de que una persona ha radicado ante la corte un expediente de jurisdicción voluntaria para justificar el título de dominio, o posesión de un inmueble que tenga, y tal anotación no tiene ninguna razón de ser, ni ningún efecto jurídico, ni lo autoriza el artículo 91 de la Ley de Enjuiciamiento Civil, pues en el caso de que durante la tramitación del mismo, ese asunto de jurisdicción voluntaria se convirtiera en contencioso, entonces es a la corte a la que corresponde resolver el derecho de las partes en el asunto que se ventila.

"C. Porque no se está en presencia de una acción reivindicatoria, ni de una personal, en que se hayan embargado bienes inmuebles que justifiquen la anotación de la demanda, o *lis pendens,* que tendría los efectos de la publicidad del litigio para conocimiento de terceros.

"D. Porque la anotación en el referido Registro de aviso de una demanda, interpuesta con relación al título o derecho de posesión de una propiedad inmueble, no puede producir otro efecto que el de considerarse que el comprador o la persona que adquiere un gravamen sobre la propiedad litigiosa, tiene conocimiento para los efectos legales de la acción pendiente entre las partes designadas en el aviso, lo cual es equiparable en su esencia a la anotación preventiva de una demanda sobre propiedad de bien inmueble, o derecho real a que se refiere el número 1 del artículo 42 de la vigente ley hipotecaria."

Creemos que tiene razón el registrador. El artículo 91 del Código de Enjuiciamiento Civil no es aplicable a un ex-

pediente de dominio, por lo menos hasta que surja alguna oposición.

Además, una de las ideas fundamentales de una información de dominio es notificar a todos los anteriores dueños y a todas las partes interesadas, y el objeto mismo del artículo 91, cuando el pleito es contencioso, queda cumplido por la propia naturaleza del procedimiento de dominio, con la notificación que es necesario hacer al fiscal y a otras personas.

*Debe confirmarse la nota recurrida.*